## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRAANNE DEFRANCESCO,** **Plaintiff** | No. 3:05cv713 |
| v. | (Judge Munley) |
| **JOANNE B. BARNHART,** **Commissioner of Social Security,** **Defendant** | |

## **MEMORANDUM**

Before the court for disposition is the report and recommendation of United States Magistrate Judge Thomas M. Blewitt suggesting that the instant Social Security appeal be denied. Plaintiff has filed objections to the report and recommendation.

**Background**

Neither party objects to the facts as set forth by Magistrate Judge Blewitt. Therefore, we adopt them as follows[1]:

> Plaintiff Debraanne DeFrancesco, forty-one years old at the time of the ALJ's decision, is considered a "younger" individual under Social Security regulations. She lives with her parents and has a high school education. Plaintiff has past work experience as a nursing assistant, a massage therapist, and an electronics assembler, jobs described by the Vocational Expert as semi-skilled and light to medium in exertional nature. She had not worked since March 23, 2003, two months after slipping and falling at work.
> Plaintiff has stated that lifting, pulling, pushing, bending, walking, standing and temperature extremes cause her pain. Plaintiff testified that walking and sitting for too long increase the pain in her back, which she described as constant. She testified that she did not think she would be able to sit or stand for four hours. Plaintiff has stated that her memory is impaired, and that her mother has to give her medication or she will forget to take it. She also claims trouble dealing with change, making decisions on her own and concentrating.

(Doc. 15, Report and Recommendation at 4 - 5).

---

[1]Minor stylistic changes have been made, and to avoid redundancy, citations to the record have been omitted.

On April 10, 2003, plaintiff protectively filed for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. § 401-433, 1381-1383c.  She alleges disability since March 25, 2003 based upon bipolar disorder, fibromyalgia and osteoarthritis.  The claim was initially denied, and plaintiff requested a hearing.  An Administrative Law Judge, Edward T. Morris, (hereinafter "ALJ") held a hearing on August 4, 2004.  The plaintiff, along with her mother and a Vocational Expert, testified at the hearing.  The ALJ issued a decision on September 24, 2004, concluding that the plaintiff does not suffer from a disability as that term is defined in the Social Security Act.

Plaintiff requested review to the Appeals Council, and such review was denied, thus making the ALJ's decision the decision of the Commissioner of Social Security.  This case is the appeal of that decision.

Magistrate Judge Blewitt issued a report and recommendation on March 22, 2006, in which he suggests the appeal be denied.  Plaintiff has filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over the instant action pursuant to 42 U.S.C. § 405(g).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Plaintiff raises only one issue in this case.  That issue is whether the ALJ erred in the hypothetical question that he asked the Vocational Expert.  Plaintiff asserts that the question was improper in that it failed to include all the limitations identified by Roger K. Fretz, PhD., the state agency reviewing psychologist.  After a careful review, we disagree.

Dr. Fretz completed a "Capacity Assessment" of the plaintiff on June 30, 2003.  A Capacity Assessment includes a form that lists twenty categories of mental activities.  An evaluator, in this case Dr. Fretz, checks a box to indicate if the patient is markedly limited, moderately limited or not significantly limited in that area.  Boxes can also be checked for no evidence of limitation in the category or not ratable on available evidence.  (Record (hereinafter "R.") 221-222).  These twenty categories are broken down into four subgroups: A) Understanding and Memory; B) Sustained Concentration and Persistence; C) Social Interaction; and D) Adaptation.  (Id.).

Upon evaluation of the plaintiff, Dr. Fretz found her to be "not significantly limited" in all but six categories. In the following six categories Dr. Fretz determined that plaintiff is "moderately limited": 1) the ability to understand and remember detailed instructions; 2) the ability to carry out detailed instructions; 3) the ability to maintain attention and concentration for extended periods; 4) the ability to sustain an ordinary routine without special supervision; 5) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and 6) the ability to respond

appropriately to changes in the work setting. (R. 221-22).

Plaintiff argues that the ALJ's hypothetical question does not take into account the areas in which the plaintiff is moderately limited according to Dr. Fretz. The hypothetical question asked by the ALJ was:

> Claimant is 41 years old, has a 12th grade education. Assume I find she can perform light work. Assume she has mild to moderate limitation in concentration and attention due to pain and depression, and also mild to moderate difficulty interacting with others. With those limitations, could she perform any past relevant work?
> A. No, Your Honor.
> Q. Would there be other jobs she could perform in that hypothetical?
> A. There would be. [2]

(R. 547).

Plaintiff complains that the ALJ's hypothetical does not take into account all the areas in which Dr. Fretz found plaintiff is moderately limited.[3] We are unconvinced. Four of the six mental activities at issue (number two through five above) appear under the "Sustained Concentration and Persistence" heading on the Capacity Assessment Form. The ALJ's hypothetical specifically included the premise that the plaintiff had mild to moderate limitations in concentration and attention. Moreover, the heading "Sustained Concentration and Persistence" on the Capacity Assessment lists eight activities. Plaintiff was found to have no significant limitation for four of them, and she was moderately limited in the remaining four. Thus, the ALJ properly asked the Vocation Expert to assume that the plaintiff was mildly to moderately limited in concentration and attention.

---

[2] The Vocational Expert found that plaintiff could perform the following jobs that are available in the local job market: cashiering, machine tender and ticket taker. (R. 547-48).

[3] Plaintiff's brief does not mention the mental activity we have listed as number 1, but does complain that the remainder were not included in the hypothetical.

4

The remaining mental activity, the ability to respond appropriately to changes in the work setting, is also covered in the hypothetical as the ALJ included that the claimant had mild to moderate difficulty interacting with others. Furthermore, the ability to respond appropriately to changes in the work setting is but one of four mental activities listed under the "Adaptation" section of the form, and Dr. Fretz found plaintiff to be "not significantly limited" in any of the other three. (R. 222).[4]

Accordingly, we find no merit to the plaintiff's objection to the Magistrate Judge's report and recommendation. The ALJ's hypothetical question adequately covered plaintiff's limitations. The objections will thus be overruled and the report and recommendation adopted. An appropriate order follows.

---

[4] It is important to note that although plaintiff places great emphasis on Dr. Fretz findings, he did not conclude that she was disabled from working. He concluded that "[plaintiff] may have difficulty returning to her former employment but would be able to understand and perform simple tasks." (R. 223).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEBRAANNE DEFRANCESCO,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **JOANNE B. BARNHART,** : <br> **Commissioner of Social Security,** : <br> **Defendant** : | No. 3:05cv713 <br><br> **(Judge Munley)** |

## **ORDER**

**AND NOW**, to wit, this 22nd day of August 2006, it is hereby ORDERED as follows:

1) The plaintiff's objections (Doc. 16) are **OVERRULED**;

2) The Report and Recommendation of March 22, 2006 (Doc. 15) is **ADOPTED**;

3) Plaintiff's appeal is **DENIED**, and the Clerk of Court is directed to close to this case.

                                      BY THE COURT:

                                      s/ James M. Munley
                                      JUDGE JAMES M. MUNLEY
                                      United States District Court